1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| EDWIN LEVER; GRACE LEVER,<br><br>    Plaintiffs,<br><br>  v.<br><br>CITIMORTGAGE, Incorporated, *et al.*,<br><br>    Defendants. | No. CV 06-2684 (FFM)<br><br>ORDER GRANTING MOTION FOR ATTORNEYS' FEES |

On May 5, 2008, this Court entered an order granting the motion of Citimortgage, Inc., Verdugo Trustee Service Corporation and Five-Star Service Corporation ("Defendants") for summary judgment.  On June 10, 2008, Defendants filed a motion for an award of attorneys' fees.

On June 19, 2008, this Court, *sua sponte,* continued the hearing on Defendants' motion from July 8, 2008 to July 15, 2008.  Plaintiffs' service copies of the order were returned to the Court as undeliverable.  Plaintiffs have not filed any notice of change of address with the Court.

Plaintiffs have filed neither an opposition to the motion nor a notice of non-opposition.[1]

---

[1]  At the hearing on Defendants' motion, Defendants' counsel represented that his firm had not received any indication that the service copy of the motion had not been delivered.  However, regardless of whether or not plaintiffs received actual notice of the motion, plaintiffs are responsible for keeping the Court and opposing

(continued...)

1    Plaintiffs commenced the instant action on June 2, 2006, asserting a variety
2  of claims relating to the refinancing of their mortgage.  After plaintiffs failed to
3  make payments on their loan for nearly two years, foreclosure proceedings were
4  commenced, the property sold, and plaintiffs were evicted from the property.  In
5  their complaint, plaintiffs alleged that Citimortgage violated the Federal Truth in
6  Lending Act, 15 U.S.C. § 1601 *et seq*., and engaged in fraud and other wrong-
7  doing in refinancing plaintiffs' residential mortgage.  Plaintiffs also asserted
8  claims based on Citimortgage's foreclosure on plaintiffs' home.
9    Defendants rely on attorneys' fee provisions in the promissory note
10 underlining the transaction with plaintiffs and the related deed of trust.
11    Paragraph 6(E) of the Note provides, in part:
12         If the Note Holder has required me to pay immediately in full
13    as described above, the Note Holder will have the right to be paid
14    back by me for all of its costs and expenses in enforcing this Note to
15    the extent not prohibited by applicable law.  Those expenses include,
16    for example, reasonable attorneys' fees.
17    Paragraph 9 of the deed of trust provides, in part:
18         If (a) Borrower fails to perform the covenants and agreements
19    contained in this Security Instrument, [or] (b) there is a legal
20    proceeding that might significantly affect Lender's interest in the
21    Property and/or rights under this Security Instrument[,] . . . then
22    Lender may do and pay for whatever is reasonable and appropriate to
23    protect Lender's interest in the Property and rights under this
24    Security Instrument . . . .  Lender's actions can include . . . paying
25    reasonable attorneys' fees to protect its interest in the Property and/or
26    rights under this Security Instrument . . . .
27
28

---

[1](...continued)
counsel apprised of any changes in their service address.

1        Any amounts disbursed by Lender under this Section 9 shall

2        become additional debt of Borrower secured by this Security

3        Instrument . . . and shall be payable . . . upon notice of from Lender

4        to Borrower requesting payment.

5      Defendants contend that the foregoing language entitles them to recover the

6 reasonable fees they incurred in defending plaintiffs' claims, including plaintiffs'

7 tort claims.  The Court agrees.

8      First, fees incurred in "enforcing" a contract, "includes attorneys' fees

9 incurred in defending against a challenge to the underlying validity of the

10 obligation."  *Finalco Inc. v. Roosevelt*, 235 Cal. App. 3d 1301, 1308 (1991).  All

11 of plaintiffs' claims challenged the propriety of defendants' attempts to enforce

12 plaintiffs' obligations under the Note and deed of trust.  Secondly, in those

13 instances where a successful defense against a non-contractual claim is necessary

14 to succeed on a contractual claim, attorneys' fees incurred in defending the non-

15 contractual claim are also recoverable.  *Siligo v. Castellucci*, 21 Cal. App. 4th 873,

16 879-80 (1994).  Given that all of plaintiffs' claims, tort and contractual,

17 challenged defendants' exercise of their Note and deed of trust, defendants are

18 entitled to recover the attorneys' fees they reasonably incurred in defending

19 against all of the claims.

20      The Court therefore grants defendants' motion for recovery of attorneys'

21 fees.  Although defendants included copies of all of their invoices, the summary of

22 their fees allegedly contained on Exhibit 3 was not attached to defendants' filings.

23 Therefore, the Court will rule on the recoverable amount of fees upon

24 defendants' filing of a summary of the fees incurred.  Defendants are ordered to

25 file such summary within 7 days of the date of this order.

26

27 DATED:  July 17, 2008

28                          / s / FREDERICK F. MUMM
                                    FREDERICK F. MUMM
                           United States Magistrate Judge